# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| State of South Carolina, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Civil Action No. 9:23-cv-04137-TMC |
| v. | ) |
| | )  **ORDER** |
| Robert Young, *a/k/a Robert A. Young*, | ) |
| | ) |
| Defendant. | ) |

Defendant, proceeding pro se, filed a notice of removal in this court on August 18, 2023, which attempts to remove two criminal actions[1] from the Court of General Sessions for Spartanburg County (case numbers K163982 and K163985). (ECF No. 1). Defendant contemporaneously filed a motion for reduction of his state sentence. (ECF No. 2). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a United States Magistrate Judge for pretrial proceedings. Before the court is the Magistrate Judge's Report and Recommendation, which recommends that the court remand the removed criminal actions to state court pursuant to 28 U.S.C. § 1455. (ECF No. 6). The Report was mailed to Defendant (ECF No. 8), and Defendant was notified of his right to object to the Report (ECF No. 6 at 8). Defendant filed objections. (ECF No. 9).

## I.    BACKGROUND

---

[1] In liberally construing Defendant's filings, the magistrate judge considered that Defendant sought to remove *both* of these criminal actions despite having only filed a motion to reduce sentence in only one of the cases, K163985, on the state level. *See* Spartanburg County Seventh Judicial Circuit Public Index, https://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42001&Casenum=K163985&CaseType=C&HKey=80115106557747717870575610011411648697688121100120815657104120558911454117104110111122101855169525111969 (last visited Jan. 19, 2024). Defendant's trial involved both cases, and he challenges his full sentence. *See* (ECF Nos. 1, 2).

1

Defendant is a state prisoner in the South Carolina Department of Corrections.[2] *See South Carolina Department of Corrections:* Incarcerated Inmate Search: "First Name: Robert, Last Name: Young[,]" https://public.doc.state.sc.us/scdc-public/ (last visited Jan. 19, 2024). In February 2008, in the Court of Common Pleas for Spartanburg County, a jury convicted Defendant of armed robbery and assault and battery with intent to kill. (ECF No. 2 at 1). Defendant was sentenced to thirty years imprisonment for armed robbery and twenty years imprisonment for assault and battery with intent to kill, such terms to run consecutively, for a total term of incarceration of fifty years. *Id.* After seeking relief on direct review, Defendant filed two separate habeas petitions pursuant to § 2254 in this court, one of which was denied on the merits, and one of which was dismissed as a successive petition. *See Young v. State of South Carolina*, Case No. 9:18-cv-02721-TMC, dkt. entry 15 (D.S.C. Jan. 8, 2019) (summarily dismissing the petition without prejudice); *Young v. McFadden*, Case No. 9:15-cv-00090-TMC, dkt. entry 36 (D.S.C. Jan. 19, 2016) (granting summary judgment for respondent and dismissing the habeas petition with prejudice). Furthermore, Defendant has previously requested permission from the Fourth Circuit to file a successive habeas petition, and the Fourth Circuit Court of Appeals denied his request. *In Re: Robert A. Young*, No. 18-415, dkt. entry 18 (4th Cir. Jan. 9, 2019).

On August 1, 2023, Defendant filed a motion for reduction in sentence in his underlying criminal case, number K163985 on August 1, 2023. *See* Spartanburg County Seventh Judicial Circuit Public Index,

---

[2] The court takes judicial notice of this information, which is posted publicly on a government website. *See Goldfarb v. Mayor and City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (noting that "a count may properly take judicial notice of 'matters of public record'"). Additionally, the envelope in which Defendant mailed his objections to the court indicates that he is an inmate at Kershaw Correctional Institution, which is within the South Carolina Department of Corrections. (ECF No. 9-2).

https://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42001&Casenum=K163985&CaseType=C&HKey=80115106557747717870575610011411648697688121100120815657104120558911454117104110111122101855169525111969 (last visited Jan. 19, 2024). It appears from the Public Index that Defendant has filed for a sentence reduction several times before the state court. *See id.*

Defendant now seeks to remove his criminal cases to federal court and, specifically, for this court to review the motion for a sentence reduction pending before the state court and reduce his sentence. (ECF Nos. 1, 2). Defendant contends that this court has jurisdiction over his criminal cases because there are "federal questions related to the Fourteenth Amendment" and that this court is the appropriate venue pursuant to 28 U.S.C. § 1443. (ECF No. 1 at 2). Defendant specifically indicates that he does not dispute the "validity of his conviction" but, rather, "contests the length of his sentence." (ECF No. 2 at 1).

The magistrate judge issued her Report, recommending that the case be remanded to the Spartanburg County Court of Common Pleas because this court lacks jurisdiction. (ECF No. 6). Defendant filed objections to the Report, (ECF No. 9), and this case is now ripe for review.

## II.     LAW AND ANALYSIS

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or

recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Defendant is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally").  Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from

4

sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

In her Report, the magistrate judge correctly outlined the procedure for removal of criminal prosecutions, which is codified in 28 U.S.C. § 1455 and provides that:

> A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1455(b)(1) (emphasis added). The magistrate judge further noted that pursuant to § 1455(a), when a defendant seeks to remove a criminal prosecution from state court, he must file a signed notice of removal that "contains a short and plain statement of the grounds for removal" together with a copy of all process, pleadings, and orders served upon the defendant in the underlying action. (ECF No. 6 at 4) (citing 28 U.S.C. § 1455(a)). However, Defendant did not provide the court with the underlying papers in his criminal case, except for the motion for reduction of sentence. Furthermore, the magistrate judge indicated that Defendant's underlying criminal cases are not "pending[,]" and that Defendant did not file his notice of removal until fifteen years after his 2008 trial and sentencing. *Id.* at 5. Finally, the magistrate judge considered that "[e]ven if Defendant could meet the procedural requirements" for removing his criminal cases to federal court, he has "not alleged that he has been denied his civil rights in terms of racial equality, and Section 1443(1) does not serve to remedy 'the violation of . . . constitutional rights phrased in terms of general rights to all citizens.'" *Id.* at 5 – 6 (citing Pennsylvania v. Brown-Bey, 637 F. App'x 686, 688 (3d Cir. 2016)).

In his objections, Defendant argues that the magistrate judge erred in concluding that his removal was untimely under § 1455 because "the clear language of the statute also provides for an

5

exception 'for good cause shown.'" (ECF No. 9 at 2). He indicates that he faced "racial bias" in the state court system, "which significantly impeded his ability to seek timely removal." *Id.* at 2. He further indicates that the magistrate judge erred in saying his case was no longer "pending" because there are "ongoing effects of racial bias and the lingering impact of an unjust sentence ensure that a case remains effectively 'pending' until justice is served." *Id.* at 3. Defendant further contends that that the court should excuse his "initial omission of explicit allegations of racial bias" because he does not have formal legal training. *Id.* He indicates that his "assertion of disproportionate sentencing as compared to similarly situated first-time offenders directly speaks to racial inequality" that must be addressed. *Id.* at 3–4.

As cited by the magistrate judge, § 1455 requires that removal of a criminal prosecution be made "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier" in order to be timely. However, Defendant is correct that a district court has the discretion to allow for a later removal for good cause. Nonetheless, as the magistrate judge pointed out in her Report, several courts have concluded that § 1455 "does not contemplate removal of a case *after* conviction." (ECF No. 6 at 5) (collecting cases). Defendant claims that he did not timely remove because he was impeded from doing so. (EFC No. 9 at 2). However, as noted above, since his criminal convictions in 2008, he filed a direct appeal, went through the Post-Conviction Relief proceedings in state court, and filed several motions for reduction of sentence in his state cases. *See* Spartanburg County Seventh Judicial Circuit Public Index, https://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42001&Casenum=K163985&CaseType=C&HKey=80115106557747717870575610011411648697688121100120815657104120558911454117104110111221018551695251119 69 (last visited Jan. 19, 2024). He also filed two separate habeas petitions pursuant to 28 U.S.C. § 2254 in

6

federal court. *See Young v. State of South Carolina*, Case No. 9:18-cv-02721-TMC, dkt. entry 15 (D.S.C. Jan. 8, 2019); *Young v. McFadden*, Case No. 9:15-cv-00090-TMC, dkt. entry 36 (D.S.C. Jan. 19, 2016). Accordingly, even if Defendant could show good cause for excusing his failure to file in the time allotted by the statute, Defendant fails to show good cause to allow such removal fifteen years after his conviction, as he has been able to file other legal process in the meantime. Therefore, the court overrules the objection and finds that the removal is untimely.[3]

In the alternative, the court agrees with the magistrate judge that Defendant fails to set forth a case for which removal would be proper. A criminal prosecution commenced in state court may be removed by the defendant if it is "(1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof" or if it involves "any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1433.  Accordingly, "[r]emoval of a . . . criminal prosecution from state court to a federal court is permitted only in an extremely narrow range of cases" in which "it can be clearly predicated by reason of the operation of a pervasive and explicit state or federal law that the [Defendant's] rights will inevitably be denied if the case is not removed." *Bar Ass'n of Baltimore City v. Posner*, 391 F. Supp. 76, 79 (D. Md. 1975) (citing *Greenwood v. Peacock*, 384 U.S. 808, 828 (1966)). Even in cases where a defendant "properly alleges a potential denial of civil rights he still must either specify a present denial of those rights or clearly predict an inevitable denial 'by reason of the operation of a pervasive and

---

[3] Additionally, as the magistrate judge indicated in her Report, Defendant failed to follow proper procedure in attempting to remove this case, not just in the untimely nature of the filing, but also in his failure to provide the court with the underlying state court pleadings, orders, and other papers. *See* § 1455.

explicit state or federal law.'" *Id.* (quoting *State of South Carolina v. Moore*, 47 F.2d 1067, 1070 (4th Cir. 1971)). It is not enough to simply indicate an "apprehension that the state court will not afford him justice." *Id.* at 81 (citing *Thompson v. Brown*, 434 F.2d 1092, 1095 (5th Cir. 1970)). Nor is it enough "that a denial of rights of equality may take place and go uncorrected at trial." *Georgia v. Rachel*, 384 U.S. 780, 800 (1966). Accordingly, "[i]f the conduct charged in the prosecution is not itself immunized by federal law from state prosecution, removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in state courts." *Bar Ass'n of Baltimore City*, 391 F. Supp. at 81 (citing *Georgia*, 384 U.S. at 800). Defendant has failed to meet this burden to show that his case is removable under § 1443. While Defendant cites to the Fourteenth Amendment for equal protection under the law, (ECF No. 9 at 3), he has admitted that he does not challenge his conviction and only seeks for a reduction in his sentence. (ECF No. 2 at 1). Beyond just asserting racial bias in a blanket sense, Defendant has failed to set forth any reference to a "law of general application" that shows he will be denied equal rights under the law in state court. Accordingly, the court finds Defendant has failed to show that removal of such case is proper, and therefore, remand is necessary.

### III. CONCLUSION[4]

---

[4] Because the Defendant filed this case pursuant to a self-titled "Notice of Removal" and cited authority regarding removal of criminal prosecutions, and because the magistrate judge addressed the case on this basis, the court has addressed the same in this Order. However, because Defendant ultimately attacks his state sentence, the court finds such case could have been construed as a petition for habeas relief pursuant to § 2254. To the extent this case could be liberally construed as a petition for habeas relief pursuant to 28 U.S.C. § 2254, such case would be subject to summary dismissal as it would constitute a successive habeas petition for which Defendant has not received permission to file from the Fourth Circuit Court of Appeals. *See In re Vial*, 115 F.3d 11192, 1194 (4th Cir. 1997) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Defendant has filed two separate habeas petitions pursuant to § 2254 in this court, one of which was denied on the merits,

Accordingly, after a thorough review of the record and the Report under the appropriate standards, the court adopts the Report[5] and incorporates it herein by reference. Therefore, Defendant's criminal cases are **REMANDED** to the Court of General Sessions of Spartanburg County pursuant to 28 U.S.C. §1455(b)(4).

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
January 23, 2024

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

and one of which was dismissed as a successive petition. *See Young v. State of South Carolina*, Case No. 9:18-cv-02721-TMC, dkt. entry 15 (D.S.C. Jan. 8, 2019) (summarily dismissing the petition without prejudice); *Young v. McFadden*, Case No. 9:15-cv-00090-TMC, dkt. entry 36 (D.S.C. Jan. 19, 2016) (granting summary judgment for respondent and dismissing the habeas petition with prejudice). Furthermore, Defendant has previously requested permission from the Fourth Circuit to file a successive habeas petition, and the Fourth Circuit Court of Appeals denied his request. *In Re: Robert A. Young*, No. 18-415, dkt. entry 18 (4th Cir. Jan. 9, 2019).

[5] However, the court notes that because the underlying state court action is a criminal case, the case is remanded to the Court of General Sessions, not the Court of Common Pleas.